UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| MARGARET CHAMBERS, | : | Bankruptcy No. 04-15260DWS |
| dba Great Start Child Care, | : | |
| | : | |
| Debtor. | : | |

# MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

Before the Court is the Debtor's Motion (the "Motion") to Reconsider Order dated February 3, 2005 (the "Order") denying confirmation of Debtor's Chapter 13 plan and dismissing Debtor's Chapter 13 case. Sterling Home Loan, Inc. ("Sterling") has filed an objection thereto which is supported by the Chapter 13 Trustee (the "Trustee").[1] For the reasons that follow, the Motion shall be denied.

---

[1] The Trustee urged dismissal of the case with a bar against refiling as Debtor had advanced the same positions in her prior case which was dismissed because of Debtor's inability to propose a feasible plan.

**BACKGROUND**

On April 14, 2004 Debtor filed this Chapter 13 case, her second.[2] Her Chapter 13 plan (the "Plan") provides for sixty monthly payments of $100. Plan ¶ 2, Doc. No. 7. It expressly states that Debtor had rescinded her mortgage loan held by Countrywide Home Loans, Inc. ("Countrywide"),[3] and would make no payments under the Plan to it, noting that she could not do so with her limited income and would not do so because she did not believe she owed any sum to the mortgagee. Id. ¶¶ 3, 5. The Plan also provides that the automatic stay shall remain in effect until the case is closed and relief should be allowed only if there is a substantial payment delinquency. Id. ¶ 8.

Sterling, who stands now in the place of Countrywide, filed an objection to confirmation of the Plan contending that the Plan was infeasible under § 1325(a)(6),

---

[2] Her first case, no. 02-34627, was filed on October 15, 2002 and dismissed on December 10, 2003 for the same reason as this case was dismissed, i.e., there was no confirmable plan filed nor could one be confirmable. 11U.S.C. § 1307(c)(1), (3)(4) and (5). I shall take judicial notice of the docket entries in this and the prior case. Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991 WL 284107, at *12 n. 19 (Bankr. E.D. Pa. 1991). While a court may not take judicial notice *sua sponte* of facts contained in the debtor's file that are disputed, In re Augenbaugh, 125 F.2d 887 (3d Cir. 1942), it may take judicial notice of adjudicative facts "not subject to reasonable dispute ... [and] so long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." In re Indian Palms Assoc., 61 F.3d 197, 205 (3d Cir. 1995) (citing Fed.R.Evid. 201(f) advisory committee note (1972 proposed rules). Moreover, "factual assertions in pleadings, which have not been superceded by amended pleadings, are judicial admissions against the party that made them. Larson v. Gross Bank, 204 B.R. 500, 502 (W.D. Tex. 1996) (statements in schedules). See also In re Musgrove, 187 B.R. 808 (Bankr. N.D. Ga. 1995) (same); In re Leonard, 151 B.R. 639 (Bankr. N.D.N.Y. 1992) (same).

[3] In furtherance of this position, she contemporaneously filed an adversary proceeding seeking to have Countrywide's lien invalidated. Doc. No. 8. A similar proceeding had been filed in her prior case which was dismissed for lack of plan feasibility, directing Debtor to litigate these non-bankruptcy claims in state court. Rather than do so, she returned here, filing a new petition and another adversary proceeding.

failed to meet the "best interests of creditor's test" under § 1325(a)(4)[4] and failed to make distribution to Sterling under the Plan contrary to § 1322(b)(1), (b)(2) and/or (b)(5). While Debtor scheduled Countrywide as holding a claim in the amount of $96,060.31 secured by real property valued at $50,000, Exhibits O-1 and O-2, neither Countrywide nor Sterling filed a proof of claim. Debtor has also scheduled creditors holding unsecured claims in the amount of $25,262.68. These claims are classified in Class Five of the Plan but unless there is a clerical mistake in the Plan, are not to receive any distribution. Plan ¶ 4.

**DISCUSSION**

This matter comes before me on a motion to reconsider governed by Fed. R. Civ. P. 59(e), applicable here pursuant to Federal Rule of Bankruptcy Procedure 9023.[5] Federal courts are cautioned that they should "grant such motions sparingly because of their strong interest in finality of judgment." Seleras v. M/V Cartagena de Indias, 959 F. Supp. 270 (E.D. Pa. 1997) (quoting Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943

---

[4] Due to the rescission, Debtor contends that Sterling should be compelled to satisfy its lien, and has commenced an adversary proceeding in furtherance of that end. Chambers v. Countrywide Home Loans, Inc. et al., adv. no. 04- 0451. The consequence of success in the litigation is that she would own an unencumbered interest in her resident real estate which she has valued at $50,000. Under the best interests of creditor's test of § 1325(a)(4), creditors must receive at least what they would receive in a liquidation under Chapter 7. Since the total funding of Debtor's plan is $6,000, clearly her Plan does not distribute the value of that asset and as such would violate § 1325(a)(4).

[5] While the Motion does not invoke Rule 59(e) (or any applicable procedural rule for that matter), as it was brought within ten days after entry of the Order and clearly is an attempt to alter or amend that order, it is properly treated as a Rule 59(e) motion. E.g., NAACP v. Town of Harrison, 907 F.2d 1408, 1411 n.5 (3d Cir. 1990).

(E.D. Pa. 1995). I am mindful that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 908 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

> The purpose of a Rule 59(e) motion is to allow the court to reevaluate the basis of its decision. ... Motions for reconsideration are not at the disposal of an unsuccessful party to "rehash" the same arguments and facts previously presented.

Keyes v. National Railroad Passenger Corporation, 766 F.Supp. 277, 280 (E.D. Pa. 1991) (citations omitted). As the court in Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D. Va. 1977) stated that "[w]hatever may be the purpose of Rule 59(e) it ... [was not] ... intended to give the unhappy litigant one additional chance to sway the judge."

Debtor contends that the Court erred in entertaining Sterling's objection to confirmation (the "Objection") because it lacked standing by reason of its failure to file a proof of claim in this case. Assuming it had standing, Debtor also contends that the Objection lacked merit. Finally, she appears to claim some procedural unfairness as a result of the confirmation hearing having proceeded on the scheduled date.

**A.**

Section 1324 states that "a party in interest" may object to confirmation of a plan. As the Bankruptcy Code does not define "party in interest," the term has not surprisingly been the subject of numerous published opinions. It is true that some courts have construed that phrase to require the party to hold an allowed claim as Debtor urges here. In In re Stewart, 46 B.R. 73 (Bankr. D. Ore. 1985), the court relying on the bankruptcy treatise

Collier's statement that "any holder of an allowed claim may object to confirmation on the grounds that it failed to comply with § 1325," concluded that a claimant who had not filed a formal proof of claim could not be a party in interest and therefore had no standing to object to confirmation.[6] A more recent decision taking this view, In re Dennis, 230 B.R. 244 (Bankr. D. N.J. 1999), explained that a creditor whose claim has been disallowed is not a party in interest <u>if the basis of the objection to confirmation is the failure to pay a claim that has been disallowed</u>. Id. at 255 (emphasis added). Assuming without deciding that this narrow construction of "party in interest" is correct, neither Collier (upon which Stewart finds its authority) nor Dennis state a rule without exceptions and both leave open the possibility that standing would be found where the objection does not relate to payment of a disallowed claim. Moreover, at least one court has concluded that an objection to confirmation serves as an informal proof of claim conferring standing on the creditor to object to the plan. In re Michels, 286 B.R. 684, 690 (8th Cir. BAP 2002). See also In re Ungar, 70 B.R. 519, 521 (Bankr. E.D. Pa. 1987).

Other courts, including the Third Circuit Court of Appeals, have viewed the term more broadly to include a creditor without regard to whether its claim has been timely filed. In In re Kressler, 252 B.R. 632 (Bankr. E.D. Pa. 2000), my colleague Honorable Thomas M. Twardowski held that a holder of a lien, which debtors' proposed Chapter 13 plan sought to cramdown and avoid, was a party in interest and had standing to object to confirmation

---

[6] Ironically in the most recent edition of Collier, the commentators now cite Stewart as authority for the statement that "a creditor who does not hold an allowed claim, because, for example, a proof of claim was never filed, generally is not a party in interest with standing to object to confirmation of the plan." King, 8 Collier on Bankruptcy ¶ 1324.03, at 1324-5 and n.5 (15th ed. 2004).

of a plan, notwithstanding that its proof of claim had been disallowed as untimely. The Third Circuit Court of Appeals agreed, finding that the lienholder had a pecuniary interest that was not extinguished, and as such was a party in interest who could object. In re Kressler, 40 Fed.Appx. 712, 2002 WL 1723885 (3d Cir. 2002). As other courts have noted, there is nothing in the Bankruptcy Code that requires a creditor to have an allowed claim to object to confirmation under § 1325(a), the provision invoked by Sterling. This provision is distinguishable from § 1325(b) which expressly confers standing upon holders of allowed claims. Other courts eschewing the proof of claim requirement and giving effect to the broad term "party in interest" adopted by Congress (as opposed to holder of an allowed claim or even holder of a claim), find support for their view in the provisions of Chapter 11 where § 1109 makes clear that a party in interest includes all persons whose pecuniary interests are directly affected by the bankruptcy case. Davis v. Mather (In re Davis), 239 B.R. 573, 579 (10th Cir. BAP 1999); In re Turpen, 218 B.R. 908, 911 (Bankr. N.D. Iowa 1998).

Even had the Third Circuit not presaged its rejection of the narrow interpretation of "party in interest" advanced by Debtor, the language of the statute and the purpose of the standing requirement convince me that a filed proof of claim is not a threshold requirement of standing to object to a Chapter 13 plan. Absent fraud, all creditors whose claims are provided thereunder are bound by a confirmed plan without regard to whether they file a proof of claim. A secured creditor that fails to object to confirmation does so at its peril as it will be deemed to have accepted the plan. In re Szostek, 886 F.2d 1405, 1410 (3d Cir. 1989). Debtor's Plan provides with respect to Sterling's claim that no payments would be made and that the stay would remain in effect unless there was a payment default under the

Plan. Since Sterling will not receive any distribution, there can be no payment default. Under Debtor's Plan, it is contemplated that Sterling would be held hostage without payment in Debtor's bankruptcy for the five year term of her Plan. It is apparent that the Plan affects Sterling's pecuniary interest, and it follows that Sterling is a party in interest with standing to object to confirmation.

Moreover, I reject the insinuation that there was some unfairness to the Debtor by the Court proceeding with confirmation on the re-scheduled hearing date. Debtor contends in the Motion that the issues and focus of the hearing were not clear and no notice was provided to the Debtor that the plan had to be confirmed that day. My recollection is that Debtor's counsel David A. Scholl sent an associate to cover the hearing for him, a hearing that had been continued at his request on three occasions over a four month period. Doc. Nos. 14, 18 and 19. The associate's request for another continuance was opposed and denied. However, he was given the opportunity to consult with Mr. Scholl by telephone, and then participated fully in the hearing calling the Debtor to testify.[7] Finally Debtor's contention that the issues

---

[7] Presumably Mr. Scholl views the ability to secure continuances as unlimited although regular appearances in this Court have put him on notice that such is not the case. This stance is particularly curious given his observation in Fricker where then Judge Scholl noted:

> The creditor has the initial burden of articulating a clear and cognizable objection. However, the debtor has the burden of ultimate persuasion, and is therefore obliged to make a record if such is necessary to persuade us to overrule the objection and confirm the plan in the face of such an objection. Moreover, we are empowered to raise §§ 1325(a)(3), (a)(5), or (a)(6) objections *sua sponte* at the confirmation hearings. As in the case of many § 1325(b)(1)(B) objections, we may be able to resolve many such objections without adducing any testimony. We would go further and state that we would grant the debtor a continuance as of course to meet any objection raised *sua sponte* or belatedly and/or orally. However, if timely written objections are filed, the debtor acts at peril in not appearing to testify in support of confirmation at the confirmation hearing.

Id. at 438 (emphasis added).

were not focused is belied by the detailed objection filed and served by Sterling.

In short, whether before the Court on Sterling's Objection or by reason of my independent duty to scrutinize Debtor's Plan for compliance with §§ 1322 and 1325(a),[8] the issues that formed the basis of my refusal to confirm Debtor's Plan were rightfully before me for adjudication. Accordingly, I turn next to the Debtor's contention that my ruling was incorrect.

**B.**

While asserting that I failed to discern the absence of merit to the Objection, the Motion fails to advance any legal grounds for this position. None is provided by the contention that Debtor is capable of confirming another plan "with slight modifications." Debtor had four months to file that modified plan and failed to do so. While I do not think the outcome would be any different were a modified plan filed, it is the actual plan, not a hypothetical one, that is before this Court. None is provided by the statement that Debtor is current in her monthly payment obligation to the Trustee since contrary to Debtor's argument, the Objection did not relate to maintenance of payments to the Trustee. Rather it is the fact that the $100 monthly plan payment amount does not relate to the amount required to fund a confirmable plan in which Debtor either retains the equity in her residence (if lien

---

[8] As the standing argument was not made at the hearing, my refusal to confirm the Plan was based on the Objection and therefore I have addressed the standing argument now raised by Debtor. However, I come to the same conclusion exercising my independent duty to determine the Plan satisfies confirmation requirements. In re Vincente, 257 B.R. 168, 176 (Bankr. E.D. Pa. 2001). Indeed given the court's *sua sponte* obligation to withhold confirmation where the plan is legally flawed, courts have rejected standing objections as moot when they independently conclude that a plan is not confirmable. In re Fox, 249 B.R. 140, 144 (Bankr. D.S.C. 2000); In re Zaleha, 162 B.R. 309, 313 (Bankr. D. Idaho 1993).

avoided) or pays Sterling (if lien not avoided). The Plan pays too little under either scenario.

The fatal flaw of Debtor's Plan has not been addressed. Debtor seeks to confirm a plan that treats the Sterling mortgage loan as rescinded and fails to pay the value of the asset as required by § 1325(a)(4). The Plan is not prepared to meet the best interests of creditors test if Debtor is successful in her adversary case in which she seeks to have the mortgage lien invalidated. Her contention that she is not required to do so since Sterling presently has a lien in excess of the property's value is disingenuous given her treatment of Sterling under the Plan. As Debtor neither pays Sterling as a secured creditor or leaves it outside the bankruptcy case to exercise its state law remedies, the Plan violates § 1322 by seeking to modify the rights of a secured creditor whose collateral is solely residential real estate. Debtor cannot have it both ways. If she is successful in rescinding her mortgage, she must reimburse Sterling the amount of the loan proceeds and dedicate the value of the unencumbered property to her Plan. In re Williams, 291 B.R. 636 (Bankr. E.D. Pa. 2003). She has done neither, is incapable by her own admission of doing either, and accordingly the Plan fails. For these reasons as already stated on the record of the hearing on February 3, 2005, confirmation was denied and Debtor's Chapter 13 case was dismissed under § 1307(c)(1) and (5).

An Order consistent with this Memorandum Opinion shall issue.

*[signature: Diane W. Sigmund]*

---
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Dated: June 1, 2005

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| MARGARET CHAMBERS, | : | Bankruptcy No. 04-15260DWS |
| dba Great Start Child Care, | : | |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 1st day of June 2005, upon consideration of the Debtor's Motion (the "Motion") to Reconsider Order dated February 3, 2005 denying confirmation of Debtor's Chapter 13 plan and dismissing Debtor's Chapter 13 case, after notice and hearing and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** that the Motion is **DENIED**.

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

<u>Copies to</u>:

David A. Scholl, Esquire
Regional Bankruptcy Center
Law Office of David A. Scholl
#6 St. Albans Avenue
Newtown, PA  19073

Jeffrey Meyers, Esquire
BALLARD SPAHR ANDREWS
& INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O.  Box 40119
Philadelphia, PA 19106-0119